1  **WO**

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7                  FOR THE DISTRICT OF ARIZONA

8

9   David Tomasello,                        )    No. CV 06-2078-PHX-JAT
                                            )
10              Plaintiff,                   )    **ORDER**
                                            )
11   vs.                                     )
                                            )
12                                           )
    North Arkansas Wholesale, Inc.; et al., )
13                                           )
                Defendants.                  )
14                                           )
                                            )
15

16          Currently pending before the Court are: Defendants Arizona Industrial Commission

17   ("AIC"), Margaret Fraser, and Noreen Thorsen's Motion to Dismiss Party (Doc. #27);

18   Defendants AIG National Insurance Company, Inc. ("AIG"), American Home Assurance

19   Company ("AHAC"), and Pamela Sutherin's Motion to Dismiss Case for Lack of Jurisdiction

20   (Doc. #31); Defendants The Frank Gates Service Company ("Frank Gates") and Alma

21   Garcia's Motion to Dismiss Case for Lack of Jurisdiction (Doc. #33); and Plaintiff David

22   Tomasello's Motion to Strike Jury Demand (Doc. #35), Motion to Strike re Answers for

23   Failure to Notice (Doc. #45), Motion for Entry of Default as to North Arkansas Wholesale

24   Inc. (Doc. #59), Motion for Entry of Default as to Wal-Mart Stores, Inc. (Doc. #60), and

25   Motion to Strike re Answer of Defendants North Arkansas Wholesale, Inc. and Wal-Mart

26   Stores, Inc. (Doc. #63).  The Court's ruling on Frank Gates and Alma Garcia's Motion to

27   Dismiss for Lack of Jurisdiction (Doc. #33) dismisses the case, so the Court will not address

28   the other motions.

1

## I.   BACKGROUND

2       Plaintiff David Tomasello was injured on September 16, 2002, allegedly as a result

3   of unsafe working conditions, while working at Wal-Mart.  Mr. Tomasello filed a workers'

4   compensation claim with the AIC on November 8, 2002.  He alleges that all the defendants

5   acted with bad faith in handling his claim.  Mr. Tomasello believes that Defendant Noreen

6   Thorsen, Claims Manager of the AIC, did not follow the policies and procedures of

7   Arizona's workers' compensation laws in processing his claim and bad faith complaints.

8       On October 28, 2005, Administrative Law Judge ("ALJ") Margaret A. Fraser entered

9   a decision adopting findings and entering an award of compensation in Mr. Tomasello's

10  favor.  ALJ Fraser dismissed all hearing requests filed by plaintiff regarding the alleged bad

11  faith of the individual defendants.  Plaintiff did not appeal this decision to the Arizona Court

12  of Appeals.

13      Plaintiff filed this action on August 29, 2006, alleging diversity jurisdiction.  His

14  original complaint (doc. #1) did not name the AIC, ALJ Fraser, or Ms. Thorsen as

15  defendants.  Nor did it allege any federal causes of action.  On October 3, 2006, the Court

16  ordered Plaintiff to appear on October 16, 2006 to show cause why the case should not be

17  dismissed for lack of federal subject matter jurisdiction. (Doc. #11).  On October 16, 2006,

18  Plaintiff filed an Amended Complaint listing various federal statutes and alleging federal

19  question jurisdiction pursuant to his §1983 claim and others and again alleging diversity

20  jurisdiction.  The Amended Complaint added AIC, ALJ Fraser, and Ms. Thorsen as

21  defendants.  It appears that Plaintiff did not re-serve the individual defendants with the

22  Amended Complaint.  Also, Plaintiff served Defendants AIC, ALJ Fraser, and Ms. Thorsen

23  with the original complaint. Those Defendants have never been served with a complaint that

24  names them as defendants.

25

## II.   JURISDICTION

26      Frank Gates alleges that this Court lacks diversity jurisdiction and federal question

27  jurisdiction.   Although Frank Gates argues lack of federal question jurisdiction, Mr.

28  Tomasello has adequately pleaded 42 U.S.C. §1983, §1985, and §1986 claims, which facially

1   give this Court federal question jurisdiction.  Frank Gates's arguments regarding federal

2   question jurisdiction are actually failure to state a claim arguments.  The Court therefore will

3   address those arguments under the failure to state a claim standard.

4   ### A.   §1332 Diversity Jurisdiction

5   Plaintiff realleged diversity jurisdiction pursuant to §1332 in his Amended Complaint

6   despite naming Arizona residents as Defendants.  He seems to believe that he meets the

7   §1332 requirements for diversity jurisdiction because some of the Defendants reside out of

8   state.  But diversity jurisdiction requires complete diversity of the parties.  *Exxon Mobil*

9   *Corp. V. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[W]e have consistently

10   interpreted §1332 as requiring complete diversity: In a case with multiple plaintiffs and

11   multiple defendants, the presence in the action of a single plaintiff from the same State as a

12   single defendant deprives the district court of original diversity jurisdiction . . ..").  Because

13   Plaintiff is an Arizona resident and has named Arizona residents as defendants, this Court

14   lacks §1332 diversity jurisdiction.

15   ### B.   Federal Question Jurisdiction

16   Plaintiff  has facially alleged three federal claims – under 42 U.S.C. §§1983, 1985,

17   & 1986.[1]  Defendants Frank Gates and Alma Garcia (collectively, "Frank Gates") argue that

18   this Court lacks jurisdiction over those claims because either: 1) no §1983 due process claim

19   stands if the state provides adequate process; or, alternatively, 2) that the state defendants

20   have immunity from the §1983 claims.[2]  As stated previously, these are really failure to state

21   a claim arguments.

---

23   [1]Plaintiff also attempts to allege jurisdiction under 18 U.S.C. §§3,1001, &18001; but
24   those are criminal statutes, and this is not a criminal case.  Nor does the Court have
     jurisdiction, as alleged by Plaintiff, under the Arizona State Constitution.  Mr. Tomasello
25   alleges that he is disabled, as defined by the Americans with Disabilities Act ("ADA"), but
     does not allege that anyone has violated the ADA.  Only the §§1983, 1985, & 1986 claims
26   facially allege federal question jurisdiction.

27   [2]Frank Gates further argues that Plaintiff cannot have a §1985 or §1986 claim if he
28   does not have a §1983 claim.

1    **1.   12(b)(6) Legal Standard**

2       While a complaint attacked by a Rule 12(b)(6) motion to dismiss
        does not need detailed factual allegations, *ibid.*; *Sanjuan v.*
3       *American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247,
        251 (C.A.7 1994), a plaintiff's obligation to provide the
4       "grounds" of his "entitle[ment] to relief" requires more than
        labels and conclusions, and a formulaic recitation of the
5       elements of a cause of action will not do, *see Papasan v. Allain*,
        478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on
6       a motion to dismiss, courts "are not bound to accept as true a
        legal conclusion couched as a factual allegation"). Factual
7       allegations must be enough to raise a right to relief above the
        speculative level, *see* 5 C. Wright & A. Miller, Federal Practice
8       and Procedure § 1216, pp. 235-236 (3d ed.2004) (hereinafter
        Wright & Miller) ("[T]he pleading must contain something more
9       ... than ... a statement of facts that merely creates a suspicion [of]
        a legally cognizable right of action"), on the assumption that all
10      the allegations in the complaint are true (even if doubtful in
        fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508,
11      n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams*,
        490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("
12      Rule 12(b)(6) does not countenance ... dismissals based on a
        judge's disbelief of a complaint's factual allegations"); *Scheuer*
13      *v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90
        (1974) (a well-pleaded complaint may proceed even if it appears
14      "that a recovery is very remote and unlikely").

15   *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007).

16      While, for most types of cases, the Federal Rules eliminated the
        cumbersome requirement that a claimant "set out *in detail* the facts
17      upon which he bases his claim," *Conley v. Gibson,* 355 U.S. 41, 47,
        78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (emphasis added), Rule 8(a)(2) still
18      requires a "showing," rather than a blanket assertion, of entitlement
        to relief. Without some factual allegation in the complaint, it is hard
19      to see how a claimant could satisfy the requirement of providing not
        only "fair notice" of the nature of the claim, but also "grounds" on
20      which the claim rests. *See* 5 Wright & Miller § 1202, at 94, 95 (Rule
        8(a) "contemplate[s] the statement of circumstances, occurrences, and
21      events in support of the claim presented" and does not authorize a
        pleader's "bare averment that he wants relief and is entitled to it").

22   *Id*. at p. 1965 n.3.

23      **2.   §1983 Claim**

24      Plaintiff has alleged that the AIC, ALJ Fraser, and Ms. Thorsen individually and

25   acting in concert deprived him of his constitutional rights to procedural due process by

26   denying his hearing requests.  To state a claim under 42 U.S.C. §1983, a plaintiff must show

27   "'that the conduct complained of was committed by a person acting under color of state law;

28

1    and . . . this conduct deprived [him] of a constitutional right.'" *Brogan v. San Mateo County*,

2    901 F.2d 762, 764 (9th Cir. 1990) (quoting *Rinker v. Napa County*, 831 F.2d 829, 831 (9th Cir.

3    1987)).  Mr. Tomasello therefore must demonstrate that the AIC, ALJ Fraser, and/or Ms.

4    Thorsen deprived him of a constitutional liberty or property right.  The ALJ actually affirmed

5    an award of benefits to Mr. Tomasello.  She did not deprive him of his property right in his

6    workers' compensation benefits.  But she did deny hearing requests on his bad faith claims;

7    and a finding of bad faith can increase the award of benefits.  For the purposes of this Order

8    only, the Court will assume a constitutional property right has been implicated.

9             Nonetheless, a §1983 procedural due process claim will not stand if the state has

10   adequate remedies to protect an individual's due process rights.  *Wood v. Ostrander*, 879

11   F.2d 583, 589 (9th Cir. 1989).  To state a §1983 claim for procedural due process violations,

12   a plaintiff must show that no pre- or post-deprivation remedy exists in the state courts.  *See*

13   *Zinermon v. Burch*, 494 U.S. 113, 126 (1990).  Mr. Tomasello therefore must demonstrate

14   that Arizona's workers' compensation statutory scheme does not provide adequate

15   procedural protections.

16            Arizona's Workers' Compensation Act provides the following hearing rights and

17   procedures:

18        A.   Subject to the provisions of section 23-947, any interested party may file a
              request for a hearing concerning a claim.
19
20        B.   A request for a hearing shall be made in writing, signed by or on behalf of the
              interested party and including his address, stating that a hearing is desired, and
              filed with the commission.
21
22        C.   The commission shall refer the request for the hearing to the administrative law
              judge division for determination as expeditiously as possible.  The presiding
23            administrative law judge may dismiss a request for hearing when it appears to his
              satisfaction that the disputed issue or issues have been resolved by the parties.
              Any interested party who objects to such dismissal may request a review pursuant
24            to section 23-943.

25   A.R.S. §23-941.  Section 23-943 gives an interested party the right to appeal an ALJ's

26   decision within thirty days of the decision by applying to the Arizona Court of Appeals for

27   a writ of certiorari.  A.R.S. §23-943(H).  For whatever reason, Mr. Tomasello chose not to

28   apply for a writ of certiorari to the Arizona Court of Appeals.

1    Arizona's workers' compensation statutory scheme allows for review of a denial or

2  award of benefits at the administrative level.  A.R.S. §§ 23-941, 947.  Further, a claimant

3  who disagrees with the AIC's final decision may appeal that decision to the Arizona Court

4  of Appeals. A.R.S. §23-951.  The Court finds that these state remedies are more than

5  adequate to protect Arizona workers' compensation claimants' procedural due process rights.

6  Mr. Tomasello should have taken advantage of all the process the Arizona statutory scheme

7  provides.  Because Arizona's Workers' Compensation Act provides adequate procedural

8  protections for Mr. Tomasello's constitutional rights, his §1983 claim fails.  *Wood*, 879 F.2d

9  at 589.

10   **3.   §§1985 & 1986 Claims**

11   §1985 forbids two or more persons from conspiring to deprive a person of his or her

12  constitutional rights and privileges.  42 U.S.C. §1985(3).[3]  "An indispensable element of a

13  claim under 42 U.S.C. §1985(3) is some racial, or perhaps otherwise class-based, invidiously

14  discriminatory animus behind the conspirator's action."  *Sprewell v. Golden State Warriors*,

15  266 F.3d 979, 989 (9th Cir. 2001).  Plaintiff makes a bare allegation that AIC, ALJ Fraser,

16  and Ms. Thorsen conspired to deprive him of his due process rights.  But he does not allege

17  that a racial or otherwise class-based invidiously discriminatory animus motivated their

18  actions.  Plaintiff therefore cannot state a claim for a §1985 claim.[4]

19   §1986 creates a private cause of action against "Every person who, having knowledge

20  that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are

21  about to be committed, and having power to prevent" the commission of the same but does

22  not. 42 U.S.C. §1986.  A plaintiff can state a §1986 claim only if the complaint contains a

23  valid claim under §1985. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th

25  [3]Plaintiff does not allege a violation of a specific subsection of §1985, but only
26  §1985(3) could possibly apply in this case.

27  [4]Mr. Tomasello's §1985 claim also fails because it depends on a constitutional
violation; and the Court has held that Arizona has adequate procedural protections for
28  workers' compensation claims.

1    Cir. 1988).   The Court has held that Plaintiff has not stated a §1985 claim; therefore,

2    Plaintiff's §1986 claim also fails.

3            **C.   Supplemental Jurisdiction**

4            The Court does not have diversity jurisdiction and has dismissed the only federal

5    claims in this case.   The Court declines to exercise its supplemental jurisdiction over any

6    remaining state claims.   *See* 28 U.S.C. § 1367(c); *United Mine Workers of America v. Gibbs*,

7    383 U.S. 715, 726 (1966).

8            Accordingly,

9            IT IS ORDERED GRANTING Defendants The Frank Gates Service Company and

10   Alma Garcia's Motion to Dismiss Case for Lack of Jurisdiction (Doc. #33).

11           IT IS FURTHER ORDER DENYING Defendants Arizona Industrial Commission,

12   Margaret Fraser, and Noreen Thorsen's Motion to Dismiss Party (Doc. #27); Defendants AIG

13   National Insurance Company, Inc., American Home Assurance Company, and Pamela

14   Sutherin's Motion to Dismiss Case for Lack of Jurisdiction (Doc. #31); and Plaintiff David

15   Tomasello's Motion to Strike Jury Demand (Doc. #35), Motion to Strike re Answers for

16   Failure to Notice (Doc. #45), Motion for Entry of Default as to North Arkansas Wholesale

17   Inc. (Doc. #59), Motion for Entry of Default as to Wal-Mart Stores, Inc. (Doc. #60), and

18   Motion to Strike re Answer of Defendants North Arkansas Wholesale, Inc. and Wal-Mart

19   Stores, Inc. (Doc. #63) as moot because the entire case is dismissed.

20           DATED this 23rd day of July, 2007.

21

22

23

24   _____

25                    James A. Teilborg
                      United States District Judge

26

27

28